UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

MAC FLIPPER, LLC,
a Florida Limited Liability Company,

    Plaintiff,

v.

MARSH & McLENNAN AGENCY LLC,
a Delaware Limited Liability Company,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, MAC FLIPPER, LLC ("MAC FLIPPER" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, MARSH & McLENNAN AGENCY, LLC ("M&M" or "Defendant), and states:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, MAC FLIPPER, LLC, is a Florida limited liability company with its principal place of business located at 16160 SW 250 Street in Homestead, Florida. The sole Member of MAC FLIPPER is Miguel A. Costa, whose residence address is 16160 SW 250 Street in Homestead, Florida. Mr. Costa is a citizen of the State of Florida. Therefore, MAC FLIPPER is a citizen of the State of Florida.

2. Defendant, M&M is a limited liability company organized under the laws of the State of Delaware. It maintains its principal place of business at 1166 Avenue of the Americas, New York, NY 10036. MARSH USA, INC. is M&M's sole Member, a Delaware Corporation which maintains its principal place of business in New York. It maintains it principal place

of business at 1166 Avenue of the Americas, New York, New York, 10036. Therefore, M&M is a citizen of Delaware and New York for jurisdictional purposes.

3. MAC FLIPPER seeks damages from M&M arising from the uninsured constructive total loss of Motor Yacht FLIPPER TWO, a 2016 48' Tiara with twin Caterpillar 1015 HP diesel engines assigned United States Coast Guard Official Number 1265820 (hereinafter "Subject Vessel") including the $1 million dollar hull limit, less a $60,000.00 deductible, $10,000.00 in lost Personal Property, less a $1,000.00 deductible, salvage charges in the amount of $35,000.00, vessel storage charges in the amount of $30,000.00, pre-judgement interest and costs. These sums total $1,014,000.00, plus pre-judgment interest and costs.

4. At all times material, MAC FLIPPER was the owner of the Subject Vessel.

5. This Court has diversity jurisdiction under 28 U.S.C. Section 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of attorney's fees, interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because M&M obtained and delivered the policy of insurance at issue in this case within the geographic boundaries of this Court, the relationships, transactions and communications between the parties took place in Miami-Dade County, Florida and the Subject Vessel is typically docked in Miami-Dade County, Florida. Further, M&M regularly conducts its business within Palm Beach, Broward and Miami-Dade County, Florida.

### ALLEGATIONS COMMON TO ALL COUNTS

7. M&M is a global insurance brokerage and risk management firm. M&M and its agents hold themselves out as experts in the field of insurance and risk management consulting, with a particular expertise in evaluating the necessary and appropriate insurance coverage needs of

their clients, procuring the appropriate insurance policies, assessing the needs of their clients, recommending insurance products and policies, and managing the risk of its clients to preserve and protect their assets, businesses, income, processes, and reputations.

8. M&M represented to MAC FLIPPER and its Member, MIGUEL A. COSTA ("COSTA") that it was a skilled insurance brokerage and risk management firm and able to properly procure, review and recommend the necessary and appropriate insurance coverage for MAC FLIPPER with regard to the Subject Vessel and for COSTA with regard to his properties, homes, automobiles, jewelry, fine arts and excess liabilities.

9. At all times material, and in exchange for monetary compensation, Defendant M&M acted as MAC FLIPPER and Costa's agents, advisors, risk managers and/or fiduciaries in obtaining, procuring, and advising on insurance matters for the Subject Vessel and other property owned by COSTA, and did so for a fee paid by Plaintiff.

10. In exchange for payments made directly M&M, as well as the right to retain commissions from insurers for placing said insurance, M&M agreed to act as MAC FLIPPER's agent and risk manager and in this capacity, review Plaintiff's insurance needs and risks to make recommendations to and procure for the Plaintiff appropriate insurance products to protect the Subject Vessel and COSTA's other property from any and all insurable losses.

11. Plaintiff MAC FLIPPER and COSTA, who is not an insurance professional, reasonably relied upon the skill and expertise of Defendant M&M in advising and procuring insurance to protect the Subject Vessel and COSTA's other property, during which the parties were engaged in a fiduciary relationship.

12. M&M has been MAC FLIPPER's sole agent, advisor, risk manager and/or fiduciary for the purpose of obtaining, procuring, and advising on insurance matters for a period of approximately 10 years prior to the loss of FLIPPER TWO in 2024.

13. M&M has been COSTA's sole agent, advisor, risk manager and/or fiduciary for the purpose of obtaining, procuring, and advising on insurance matters from purchase of the Subject Vessel in 2019, through the loss of FLIPPER TWO in 2024.

14. Based on information and belief, M&M performed these functions pursuant to an oral agreement as there was no written contract in existence between the parties.

15. Specific to the Subject Vessel, at all times material, Defendant M&M knew the nature and extent of MAC FLIPPER's use of the Subject Vessel for recreational activities and travel. M&M was fully aware that MAC FLIPPER and COSTA desired insurance coverage for all recreational marine risks including both Hull and P&I exposures.

## YACHT LOSS, CLAIM AND COVERAGE LITIGATION

16. On July 7, 2023, FLIPPER TWO ran aground while navigating in the Intracoastal Waterway near to the Georgia/Florida boarder (hereinafter "Subject Loss"). This grounding occurred while the vessel was returning to Florida after a recreational trip up and then the eastern seaboard of the United States.

17. After the grounding, FLIPPER TWO could not be freed under its own power and water began to flood the vessel from damage sustained in the grounding.

18. As a result of the grounding, FLIPPER TWO's hull was damaged, she took on a substantial amount of water and ultimately sank.

19. FLIPPER TWO required salvage, towing and haul out at a marina for inspection. MAC FLIPPER was required to pay for these necessaries.

20. FLIPPER TWO was later determined to be a constructive total loss as a result of damage sustained in the grounding.

21. MAC FLIPPER submitted a claim for the Subject Loss through M&M.

22. At the time the claim was submitted, MAC FLIPPER had never received the applicable policy of insurance from M&M. A copy of the policy received after the loss through M&M is attached hereto as Exhibit "A".

23. The Subject Policy is branded Concept Special Risks, Ltd.

24. Concept Special Risks Limited is UK based a full service Managing General Agent with expertise in the assessment, pricing and administration of yacht insurance business.

25. M&M made a claim for the Subject Loss under Policy No. CSRYP/225694 with effective dates of June 16, 2023 to June 16, 2024 (hereinafter the "Subject Policy").

26. The Subject Policy provided the following coverages applicable to the Subject Loss:

    a. Hull coverage in the amount of $1,000,000.00 with a deductible of $60,000.00;

    b. Coverage for reasonable mitigation expenses arising from a loss up to $500,000.00;

    c. Coverage for salvage charges up to $1,000,000.00 and

    d. Personal property in the amount of $10,000.00, with a deductible of $1,000.00.

27. MAC FLIPPER through M&M made a claim for a constructive total loss of the FLIPPER TWO, mitigation expenses, salvage charges and lost personal property to Concept Special Risks Limited as the Managing General Agent for the Underwriters for the Subject Policy, namely Accelerant Specialty Insurance Company, Texas Insurance Company and Certain Underwriters at Lloyd's Subscribing to Cover Note B0507RN2300289.

28. Concept Special Risks, Ltd. conducted an investigation into the Subject Loss and determined that FLIPPER TWO's fire suppression system was not in compliance with the Subject Policy's warranty, which constituted a breach of the policy's fire suppression warranty.

29. The factual basis for the non-compliance was that the fire suppression system was last inspected on April 22, 2022, and the policy requires an annual inspection, which had expired on April 22, 2023, in advance of the Subject Loss.

30. Further pursuant to General Condition xx. of the Subject Policy, any breach of warranty operates to void the policy from inception.

31. Additionally, as the Subject Policy applies the law of New York, express warranties in marine insurance policies are strictly enforced and the breach of the fire warranty voids coverage irrespective of any causal relation to the loss.

32. On October 31, 2023, Davant Law acting on behalf of the Subject Policy's Underwriters advised MAC FLIPPER, LLC of its findings and reserved Underwriters' rights to deny the claim.   See copy of Reservation of Rights letter attached hereto as Exhibit "B".

33. On January 12, 2024, the Subject Policy's Underwriters filed a Declaratory Judgment Action in the United States District Court for the Southern District of Florida under case number 1:24-cv-20148-JB (hereinafter the "Coverage Lawsuit").

34. Concept Special Risks, Ltd. and the numerous underwriters with which it is associated, frequently bring Declaratory Judgment Actions in Florida courts to void polices from inception for breach of warranty and other issues.

35. M&M knew or should have known at the time it sold Subject Policy to MAC FLIPPER, LLC of this practice and communicated these specific policy risks to MAC FLIPPER, LLC.

36. The Coverage Lawsuit sought a Declaratory Judgment that the Subject Policy was void from inception based on the breach of the policy's fire warranty.

37. MAC FLIPPER answered the Declaratory Judgment Complaint and counter-claimed for coverage under the Subject Policy.

38. After a period of investigation and discovery, it was determined by MAC FLIPPER, LLC that it was probable that it would lose the Coverage Lawsuit due to the breach of the policy's fire warranty.

39. MAC FLIPPER incurred significant attorney's fees and costs with regard to the Coverage Lawsuit.

40. To mitigate its damages and avoid additional attorney's fees and costs in the Coverage Lawsuit, MAC FLIPPER reached a confidential settlement with the Underwriters for the Subject Policy, which resolved all claims.

41. The Coverage Lawsuit was dismissed by Court Order on October 10, 2024.

### FACTS SUBSTANTIATING M&M'S NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

42. Prior to obtaining the Subject Policy, M&M had procured marine insurance policy for MAC FLIPPER, covering FLIPPER TWO from April 12, 2022 through April 12, 2023 from YachtInsure, Ltd.

43. For this policy, Bryan Kunnemann, a Yacht Account Executive at M&M was MAC FLIPPER's point of contact.

44. Based on information and belief, Kunnemann held and continues to hold a Florida 2-20 Property and Casualty "General Lines" Agent License.

45. Based on information and belief, Kunnemann working for M&M directly procured the YachtInsure, Ltd. policy from YachtInsure, Ltd., that is, he did not work through another broker.

46. Kunnemann sent the YachtInsure, Ltd. policy information to MAC FLIPPER through COSTA on April 11, 2022. The insurer required a new hauled C&V Survey before May 12, 2022 as a special condition for coverage.

47. MAC FLIPPER obtained the required survey and sent it by email to Kunnemann on April 29, 2022.

48. The survey by Global Yacht & Ship Surveyors, Inc. was dated April 26, 2022.

49. The survey indicated that FLIPPER TWO's fixed fire suppression system was up-to-date per its service tag.

50. In early May of 2023, MAC FLIPPER advised M&M that it would be taking FLIPPER TWO on an extended trip from Miami, Florida to the Northeast United States between May 23, 2023 and August 1, 2023.

51. Kunnemann on behalf of M&M advised YachtInsure, Ltd. of this extended trip and the policy's navigational limits were revised accordingly.

52. For unknown reasons, in early June of 2023, YachtInsure, Ltd. advised M&M through Kunnemann that it would not offer renewal terms to MAC FLIPPER for FLIPPER TWO.

53. On June 2, 2023, M&M through Kunnemann advised MAC FLIPPER that it was working to procure insurance coverage from Concept Special Risks.

54. M&M did not provide any information concerning the differences between the YachtInsure, Ltd. policy and that of Concept Special Risks, namely that the Concept Special Risks policy wording contained a detailed fire suppression system warranty, that breach of any policy

warranty would void the policy from inception, that the policy applied New York law and that New York law permits the insurer to void the policy from inception as a result of any breach of warranty irrespective of any causal relation to the loss.

55. Further M&M did not advise MAC FLIPPER of Concept Special Risks' propensity to void policies in response to claims based on technical breaches of its detailed fire suppression warranty and to enforce those voided policies/denied claims through Declaratory Judgment Actions.

56. M&M had actual or constructive knowledge of these policy terms and claims handling practices by Concept Special Risks at the time it sought to procure a Concept Special Risks policy for MAC FLIPPER to insure FLIPPER TWO.

57. MAC FLIPPER had no knowledge of the Concept Special Risk policy provisions, warranties or their claims handling practices and relied wholly on M&M to properly advise, explain and inform on these types of insurance issues.

58. Unbeknownst to MAC FLIPPER and without any disclosure by M&M, Kunnemann had engaged a sub-broker, Lucantha Marine Insurance, LLC to quote and place the Subject Policy with Concept Special Risk.

59. MAC FLIPPER had no contact with Lucantha Marine Insurance, LLC relative to the Subject Policy.

60. On June 9, 2023, Kunnemann on behalf of M&M returned a Concept Special Risks quote, other documents required to bind the policy and an invoice for the policy premium to MAC FLIPPER.

61. At the time the quote was provided, M&M did not provide any information concerning the differences between the YachtInsure, Ltd. policy and that of Concept Special Risks, namely

that the Concept Special Risks policy wording contained a detailed fire suppression system warranty, that breach of any policy warranty would void the policy from inception, that the policy applied New York law and that New York law permits the insurer to void the policy from inception as a result of any breach of warranty irrespective of any causal relation to the loss.

62. Further M&M did not advise MAC FLIPPER of Concept Special Risks' propensity to void policies in response to claims based on technical breaches of its detailed fire suppression warranty and to enforce those voided policies/denied claims through Declaratory Judgment Actions.

63. The invoice provided by M&M with the Concept Special Risks quote is attached hereto as Exhibit "C".

64. The premium for the Subject Policy was on a M&M Invoice which required payment to M&M in the amount of $25,685.11.

65. On June 9, 2023, MAC FLIPPER, LLC paid the required premium to M&M.

66. On June 9, 2023, Kunnemann on behalf of M&M sent a number of documents required to bind the policy to Lucantha Marine Insurance, LLC. These documents included the Global Yacht & Ship Surveyors, Inc. survey for FLIPPER TWO that was dated April 26, 2022.

67. Kunnemann on behalf of M&M did not inquire with MAC FLIPPER as to whether the Global Yacht & Ship Surveyors, Inc. survey for FLIPPER TWO was still current and valid.

68. Kunnemann on behalf of M&M did not advise MAC FLIPPER that the Concept Special Risks policy wording requires a precisely annual inspection of FLIPPER TWO's fire suppression system at any point during the process of procuring the Subject Insurance Policy.

69. Kunnemann on behalf of M&M knew or should have known of the precisely annual inspection required by the Concept Special Risks policy wording as he was selling this product to MAC FLIPPER.

70. A temporary binder for the Subject Insurance Policy was issued on June 16, 2023. This was received by Kunnemann at M&M from Lucantha Marine Insurance, LLC on June 20, 2023.

71. Prior to the Subject Loss, M&M failed to provide the temporary binder from Concept Special Risks to MAC FLIPPER.

72. Prior to the Subject Loss, M&M failed to provide the Subject Insurance Policy to MAC FLIPPER.

73. In fact, M&M did not even have the Subject Insurance Policy in its file materials at the time the Subject Loss was reported.

74. Without the temporary binder version of the policy and the final version of the policy, MAC FLIPPER was unaware of the policy's detailed fire suppression warranty and this caused the inadvertent violation of the fire suppression warranty that the yacht's Underwriters utilized to void the policy from inception in response to the Subject Loss.

75. Had Kunnemann on behalf of M&M advised MAC FLIPPER of the detailed fire suppression warranty and the precise annual inspection required by Concept Special Risks' policy wording, MAC FLIPPER would have had the fire suppression system inspected as required at its next port of call after the Subject Policy was bound.

76. M&M had a legal duty to and did not advise MAC FLIPPER concerning the differences between the YachtInsure, Ltd. policy and that of Concept Special Risks, namely that the Concept Special Risks policy wording contained a detailed fire suppression system warranty, that breach of any policy warranty would void the policy from inception, that the policy

applied New York law and that New York law permits the insurer to void the policy from inception as a result of any breach of warranty irrespective of any causal relation to the loss.

77. M&M had a legal duty to and did not advise MAC FLIPPER of Concept Special Risks' propensity to void policies in response to claims based on technical breaches of its detailed fire suppression warranty and to enforce those voided policies/denied claims through Declaratory Judgment Actions.

78. M&M profited on the sale of the Subject Policy to MAC FLIPPER in the amount of $3,898.97, which is the difference between the premium charged to MAC FLIPPER and the invoice from Lucantha Marine Insurance, LLC that appears in M&M's records in the amount of $21,786.14 which is attached hereto as Exhibit "D".

79. A Special Relationship existed between MAC FLIPPER/COSTA and M&M for one or more of the following reasons:

   a. M&M represented its expertise to MAC FLIPPER/COSTA with regard to insurance procurement generally and with regard to the marine insurance that is specific to this case;

   b. MAC FLIPPER/COSTA reasonably relied on M&M's expertise to procure marine insurance for FLIPPER TWO and for other insurance needs;

   c. M&M had an over 10-year relationship with COSTA and provided him with all of his required insurance products, including marine insurance;

   d. In this instance, M&M selected Concept Special Risks as the insurer for FLIPPER TWO, offering no options to MAC FLIPPER;

   e. M&M in the past had fully advanced premium payments for COSTA's policies to be bound, due to the importance of COSTA's business relationship with M&M and

    f.  Additional reasons which may become known through discovery.

80. As a result of the existence of this Special Relationship, M&M had a heightened duty to not only follow the insured's direction and explain the coverages requested, but to actively advise the insured about the appropriate insurance necessary to meet the insured's needs.

81. M&M's negligence and breach of fiduciary duty to MAC FLIPPER and COSTA caused the Subject Policy to be voided from inception and left MAC FLIPPER uninsured with regard to the Subject Loss.

82. All conditions precedent to these claims have occurred or have been waived.

**COUNT I**
**<u>NEGLIGENCE</u>**

83. Plaintiff realleges and incorporates the allegations contained within paragraph 1 through 82 as if fully set forth herein.

84. This is an action for negligence with damages in excess of $75,000.00, exclusive of attorney's fees, interest and costs against M&M.

85. At all relevant times, Plaintiff engaged insurance broker M&M for the placement and procurement of insurance for Plaintiff's vessel, the FLIPPER TWO, as well as for other insurance required by COSTA.

86. M&M owed Plaintiff a duty to use the reasonable skill and diligence that is expected of an insurance broker.

87. A Special Relationship existed between MAC FLIPPER/COSTA and M&M. This provides for a heightened duty of care running from M&M to MAC FLIPPER/COSTA.

88. M&M's duties included, *inter alia*,

    a.  the duty to procure policies of insurance providing proper coverage and warranties for Plaintiff's vessel;

    b. the duty to accurately communicate to the Plaintiff the terms of coverage, warranties, exclusions and impact of choice of law provisions under any policies of insurance procured on behalf of Plaintiff;

    c. the duty to represent the interests of Plaintiff in connection with any communications with an insurance company; and

    d. the duty to act in Plaintiff's best interest with respect to securing and maintaining insurance coverage and warranties for Plaintiff's vessel.

89. M&M breached the duties owed to Plaintiff by failing to act with reasonable skill and diligence as an insurance broker in connection with procuring the appropriate insurance for Plaintiff's vessel.

90. M&M further breached the duties owed to Plaintiff by, without limitation,

    a. failing to properly procure the policy of insurance consistent with Plaintiff's expressed intent;

    b. failing to accurately communicate and/or explain to Plaintiff the terms of coverage, exclusions, warranties and the impact of choice of law provisions under the Concept Special Risks policy procured for the Plaintiff;

    c. failing to advise of the detailed fire suppression warranty contained within the Concept Special Risks policy procured for the Plaintiff;

    d. failing to advise of the precise compliance required by Concept Special Risks policy with regard to the fire suppression warranty;

    e. failing to advise of Concept Special Risks' propensity to void policies in response to claims based on technical breaches of its detailed fire suppression warranty and to enforce those voided policies/denied claims through Declaratory Judgment Actions;

    f. failing to provide the Subject Policy after it was procured such that the Plaintiff had the opportunity to review its terms of coverage, exclusions, warranties;

    g. failing to represent the interests of Plaintiff in connection with any communications with an insurance company;

    h. failing to properly advise or notify Plaintiff of the coverage terms; and

    i. failing to act in Plaintiff's best interest with respect to securing and maintaining the appropriate insurance coverage for Plaintiff's vessel.

91. All of the breaches set forth above were within the actual or constructive knowledge of M&M as licensed, professional, insurance brokers that elected to sell the Concept Special Risks policy to the Plaintiff.

92. As a proximate and foreseeable result of M&M's negligence, Plaintiff was without insurance coverage for the FLIPPER TWO at the time of the Loss.

93. As a result of M&M's negligence, Plaintiff suffered damages including the $1 million dollar hull limit, less a $60,000.00 deductible, $10,000.00 in lost Personal Property, less a $1,000.00 deductible, salvage charges in the amount of $35,000.00, vessel storage charges in the amount of $30,000.00, pre-judgement interest and costs. These sums total $1,014,000.00, plus pre-judgment interest and costs.

    WHEREFORE, Plaintiff, MAC FLIPPER, LLC, by and through its undersigned counsel, demands judgment against Defendant, MARSH & McLENNAN AGENCY LLC, for all compensatory damages with pre and post-judgment interest, costs, and attorney's fees, and for all other remedies and relief the Court sees fit to grant.

## COUNT II
## BREACH OF FIDUCIARY DUTY

94. Plaintiff realleges and incorporates the allegations contained within paragraph 1 through 82 as if fully set forth herein.

95. This is an action for breach of fiduciary duty against M&M.

96. At all relevant times, Plaintiff engaged insurance broker M&M for the placement and procurement of insurance for Plaintiff's vessel, the FLIPPER TWO.

97. M&M, as the insurance agent and broker for Plaintiff, occupied a fiduciary relationship with Plaintiff. Plaintiff reposed trust and confidence in M&M, which accepted said trust and undertook action and performed services pursuant thereto.

98. As a result of its fiduciary relationship with Plaintiff, M&M owed the utmost duty of good faith and diligence in providing services, advice, direction and services for, and consistent with the best interests of Plaintiff and its use of the FLIPPER TWO.

99. A Special Relationship existed between MAC FLIPPER/COSTA and M&M. This provides for a heightened duty of care running from M&M to MAC FLIPPER/COSTA.

100. As a result of its fiduciary relationship with Plaintiff, M&M further owed Plaintiff, *inter alia*,

   a. the duty to procure policies of insurance providing coverage and warranties for Plaintiff's vessel;

   b. the duty to accurately communicate and/or explain to Plaintiff the terms of coverage, exclusions, warranties and the impact of choice of law provisions under any policies of insurance procured on behalf of Plaintiff;

   c. the duty to represent the interests of Plaintiff in connection with any communications with an insurance company; and

    d. the duty to act in Plaintiff's best interest with respect to securing and maintaining insurance coverage and warranties for Plaintiff's vessel.

101. M&M breached its fiduciary duties to Plaintiff by, *inter alia*, by

    a. failing to properly procure the policy of insurance consistent with Plaintiff's expressed intent;

    b. failing to accurately communicate and/or explain to Plaintiff the terms of coverage, exclusions, warranties and the impact of choice of law provisions under the Concept Special Risks policy procured for the Plaintiff;

    c. failing to advise of the detailed fire suppression warranty contained within the Concept Special Risks policy procured for the Plaintiff;

    d. failing to advise of the precise compliance required by Concept Special Risks policy with regard to the fire suppression warranty;

    e. failing to advise of Concept Special Risks' propensity to void policies in response to claims based on technical breaches of its detailed fire suppression warranty and to enforce those voided policies/denied claims through Declaratory Judgment Actions;

    f. failing to provide the Subject Policy after it was procured such that the Plaintiff had the opportunity to review its terms of coverage, exclusions, warranties;

    g. failing to represent the interests of Plaintiff in connection with any communications with an insurance company;

    h. failing to properly advise or notify Plaintiff of the coverage terms; and

    i. failing to act in Plaintiff's best interest with respect to securing and maintaining the appropriate insurance coverage for Plaintiff's vessel.

102. All of the breaches set forth above were within the actual or constructive knowledge of M&M as licensed, professional, insurance brokers that elected to sell the Concept Special Risks policy to the Plaintiff.

103. As a proximate and foreseeable result of M&M's breach of fiduciary duties, Plaintiff was without insurance coverage for the FLIPPER TWO at the time of the Loss.

104. As a result of M&M's breach of fiduciary duties, including the $1 million dollar hull limit, less a $60,000.00 deductible, $10,000.00 in lost Personal Property, less a $1,000.00 deductible, salvage charges in the amount of $35,000.00, vessel storage charges in the amount of $30,000.00, pre-judgement interest and costs.  These sums total $1,014,000.00, plus pre-judgment interest and costs.

WHEREFORE, Plaintiff, MAC FLIPPER, LLC, by and through its undersigned counsel, demands judgment against Defendant, MARSH & McLENNAN AGENCY LLC, for all compensatory damages with pre and post-judgment interest, costs, and attorney's fees, and for all other remedies and relief the Court sees fit to grant.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues triable as a matter of law.

Respectfully Submitted,

/s Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorneys for the Plaintiff