UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MAC FLIPPER, LLC,
a Florida Limited Liability Company,

       Plaintiffs,

v.                                          CASE NO.:  1:25-cv-21084-JEM

MARSH & MCLENNAN AGENCY, LLC,
a Delaware Limited Liability Company,

       Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION TO FILE A THIRD-PARTY COMPLAINT, AMEND ITS AFFIRMATIVE DEFENSES, AND FOR MODIFICATION OF THE PRETRIAL SCHEDULE, AND INCORPORATED MEMORANDUM OF LAW**

      Defendant Marsh & McLennan Agency, LLC ("MMA"), requests leave of Court pursuant to Federal Rule of Civil Procedure 14(a) to file a third-party complaint against Lucantha Marine Insurance LLC ("Lucantha"), and for the same reasons requests leave of Court pursuant to Federal Rule of Civil Procedure 15(a) to amend its affirmative defenses, and further requests the Court to issue a new scheduling order. In support, MMA states:

      1.      Plaintiff, Mac Flipper LLC ("Plaintiff"), instituted this action against MMA on the alleged basis that MMA procured a Concept Special Risks, Ltd. ("CSR") branded insurance policy (the "Subject Policy") to cover Plaintiff's vessel, Flipper Two, and that MMA was negligent and breached its fiduciary duty to Plaintiff when it failed to advise Plaintiff of certain provisions of the Subject Policy. (DE 1 ¶¶ 9, 10, 81). Specifically, Plaintiff alleges that MMA failed to advise Plaintiff of the terms of a fire suppression warranty, a choice of law provision,

and the propensity of CSR and its underwriters to institute declaratory judgment actions against insureds who breach warranties. (*Id.* ¶¶ 53-57)

2. Plaintiff alleged that MMA's breach of fiduciary duty and negligence caused the CSR Policy to be voided from inception and left Plaintiff uninsured with regard to the constructive total loss of Flipper Two (the "Subject Loss"), resulting in damages. (*Id.* ¶¶ 81, 93, 104). MMA denies Plaintiff's allegations.

3. However, it was actually Lucantha Marine Insurance LLC ("Lucantha"), which procured the Subject Policy. If the duties Plaintiff alleges were owed and breached, it was Lucantha that owed and breached them.

4. Should the culpability of any agent be found, it is Lucantha—which owed Plaintiff independent duties as Plaintiff's surplus lines agent—which in fact procured the insurance, which failed to review Plaintiff's insurance needs and either procure appropriate insurance for Plaintiff's vessel or properly advise on the contents of the insurance procured.

5. Allowing MMA to file a third party complaint is in the interest of justice as such will bring all parties with potential liability on Plaintiff's claims before the court, without the need for multiple separate lawsuits. A copy of the proposed third party complaint is attached to this motion as **Exhibit A**.

6. This motion is timely, as the deadline for filing motions to join additional parties and amend the complaint is September 5, 2025. (DE 14)

7. MMA also seeks to amend its affirmative defenses, in an abundance of caution, to provide additional factual specificity. A copy of the proposed answer and amended affirmative defenses is attached as **Exhibit B**.

8. In connection with its request to add a third party defendant, MMA and Plaintiff agree that an extension of the pre-trial deadlines is warranted. MMA and Plaintiff had planned to commence deposition discovery this month (September 2025). However, Lucantha will surely seek production of the same documents MMA and Plaintiff have requested and will seek to take the depositions of the same witnesses as MMA and Plaintiff plan to take. If the pre-trial deadlines are not extended, it is highly likely, if not certain, that both party and non-party witnesses will have to be deposed twice.

9. Another factor warranting extending the pre-trial deadlines in the necessity of obtaining discovery from entities outside of the United States. Presently, there is pending before the court a motion for issuance of letters rogatory under the Hague Convention for service of discovery requests upon five entities based in the United Kingdom. Assuming the Court issues letters rogatory, it is unknown how long it will be before the foreign entities respond, and it is unknown, what if any further motion practice or discovery may be required when they do respond.

10. Additionally, notwithstanding the diligence and good faith of the parties and Plaintiff's member, production of documents responsive to the parties' requests has taken longer than we anticipated at the time we submitted the proposed scheduling order. Because counsel have been working cooperatively with one another in this regard, there has been no need to bring the delay to the court's attention but this is an additional reason to extend the pretrial deadlines.

## MEMORANDUM OF LAW

a) *Leave to File a Third-Party Complaint*

Federal Rule of Civil Procedure 14 provides, "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or

part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). This Rule allows a defendant to assert a claim against any entity not a party to the main action if the third party's liability on that claim is in some way dependent upon the outcome of the main claim. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987); *see also Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (11th Cir. 1970) (explaining that a third party action under Rule 14(a) is one that would not exist without the threat of liability arising out of the original claim).

In the instant matter, MMA's third party claim would not exist except for the threat of liability to MMA arising from the Plaintiff's original claim. MMA's proposed third party complaint sets forth a claim for relief against Lucantha arising from the same transaction as does the claim against MMA. Plaintiff alleges MMA procured the policy and failed to inform it of certain policy terms, including a fire suppression warranty, and their ramifications. Lucantha procured the policy from its contacts in the surplus lines market, and thus owed an independent duty to plaintiff. Moreover, Lucantha undertook to advise MMA of certain warranties and terms in the policy but failed to advise of those regarding which Plaintiff sues in the main claim. liability entity who caused the harms Plaintiff claims to have suffered. Lucantha's liability is dependent on the outcome of the main claim.

Allowing MMA's proposed third-party action will not unfairly prejudice any party. Indeed, Plaintiff does not object to MMA's request. Allowing the proposed third party claim is not only in the interest of justice, it is also serves the interest of an efficient resolution of the disputes giving rise to the litigation.

   b) *Leave to Amend Affirmative Defenses*

There is a strong policy entrenched in the Federal Rules of Civil Procedure favoring liberality of amendment. *See Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231, 1255 (11th Cir. 1998); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996); *Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 757 (11th Cir. 1985). Courts should deny leave to amend only where there is a substantial reason to do so. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Generally, a district court should allow a party to amend a pleading unless "(1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile." *Thomason v. OneWest Bank, FSB*, 596 Fed. Appx. 736, 739 (11th Cir. 2014) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir.2005)). The policy favoring liberality of amendment also encompasses responsive pleadings. *See, e.g., Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994).

In the present case, there has been no undue delay, bad faith, dilatory motive or futility. The motion is made within the Court's deadline, and no discovery will have to be repeated.

c) *Modification of the Existing Pretrial Schedule*

Anticipating that the Court will permit MMA's proposed third party claim, MMA asks the Court to order the existing deadlines to have no effect and allow the parties, including Lucantha, to submit a second scheduling after Lucantha has appeared in the action.[1] Both MMA

---

[1] The current pretrial schedule is as follows,

| | |
|---|---|
| 9-5-2025 | Motions to join additional parties, amend the complaint, and class certification. |
| 11-6-2025 | Parties shall exchange expert witness summaries and reports. |

5

and Plaintiff agree that discovery in the case cannot be completed by the current deadline of December 29, 2025 once a third party defendant is added to the litigation.

Because of the voluminous set of documents that are potentially responsive to the present parties' requests for production, and because of the necessity of obtaining discovery from entities outside of the United States, MMA believes—and Plaintiff does not object—an extension of the discovery and dispositive motion deadline, at minimum, is necessary. On August 20, 2025, MMA filed a motion for letters rogatory concerning discovery requests to five United Kingdom based entities it reasonably expects to possess discoverable materials. Assuming this Court issues such letters, counsel anticipates it could be until December 2025 that the foreign non-parties respond.

| Date | Event |
|---|---|
| 10-16-2025 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial. |
| 12-5-2025 | Parties exchange rebuttal expert witness summaries and reports. |
| 12-29-2025 | All discovery, including expert discovery, shall be completed. |
| 1-5-2026 | A mediator must be selected. |
| 1-23-2026 | All Daubert, summary judgment, and other dispositive motions must be filed. |
| 3-5-2026 | Mediation shall be completed. |
| 3-20-2026 | All pretrial motions and memoranda of law must be filed. |
| 4-3-2026 | Joint Pretrial Stipulation must be filed. |
| 4-27-2026 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 4-29-2026 | Proposed voir dire questions must be filed |

(DE 14, DE 20).

WHEREFORE, Defendant Marsh & McLennan Agency, LLC respectfully requests this Court to permit it to file and serve the attached third-party complaint and to file the attached amended answer and affirmative defenses, and to withdraw the current scheduling order pending the appearance in the case of the third party defendant.

Respectfully submitted,

*/s/ Joshua D. Lerner*
JOSHUA D. LERNER
Florida Bar No.:  455067
jlerner@rumberger.com (primary)
docketingmiami@rumberger.com and
jlernersecy@rumberger.com (secondary)
MICHAEL R. HOLT
Florida Bar No.:  0483450
mholt@rumberger.com (primary)
docketingmiami@rumberger.com and
mholtsecy@rumberger.com (secondary)
JESSICA KERBEL
Florida Bar No.:  124152
E-mail:  jkerbel@rumberger.com (primary)
docketingmiami@rumberger.com and
jkerbelsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580
*Counsel for Defendant*

## CERTIFICATE OF LOCAL RULE 7.1 CONFERENCE

Undersigned counsel certifies that he conferred with counsel for Plaintiff on or about September 2, 2025 regarding the instant Motion and that Plaintiff has no objection to the relief requested.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF on September 5, 2025, which will send a notice of electronic filing to all parties of record on the Service List Below.

      /s/ Joshua D. Lerner

**SERVICE LIST**

Andrew N. Mescolotto, Esquire
Fertig and Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 33316
anm@fertig.com

*Counsel for Plaintiff*

8

20966727.v1