UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MAC FLIPPER, LLC,
a Florida Limited Liability Company,

      Plaintiff,

v.                                    CASE NO.:  1:25-cv-21084-JEM

MARSH & MCLENNAN AGENCY LLC,
a Delaware Limited Liability Company,

      Defendant.

_____/

**DEFENDANT MARSH & MCLENNAN AGENCY LLC'S AMENDED**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Marsh & McLennan Agency LLC answers and states affirmative defenses to Plaintiff's complaint as follows.

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant admits the allegations in paragraph 1 of the complaint for jurisdictional and/or venue purposes only.

2. Defendant admits only that it is a limited liability company organized under the laws of the state of Delaware with its principal place of business in New York.  Defendant denies the remaining allegations in paragraph 2 of the complaint.

3. Defendant admits that Plaintiff seeks damages but denies that Plaintiff has stated a cause of action or is entitled to any of the relief sought by the complaint.

4. Defendant is without knowledge of the allegations in paragraph 4 of the complaint and demands strict proof of any such allegations.

5.    Defendant admits the allegations in paragraph 5 of the complaint for jurisdictional purposes only.

6.    Defendant admits the allegations in paragraph 6 of the complaint for jurisdictional and/or venue purposes only.

## ALLEGATIONS COMMON TO ALL COUNTS

7.    Defendant admits only that it is an insurance brokerage and risk management firm. Defendant denies the remaining allegations in paragraph 7 of the complaint.

8.    Defendant denies the allegations in paragraph 8 of the complaint.

9.    Defendant denies the allegations in paragraph 9 of the complaint.

10.    Defendant denies the allegations in paragraph 10 of the complaint.

11.    Defendant denies the allegations in paragraph 11 of the complaint.

12.    Defendant denies the allegations in paragraph 12 of the complaint.

13.    Defendant denies the allegations in paragraph 13 of the complaint.

14.    Defendant admits there was no written contract in existence between the parties and denies the remaining allegations in paragraph 14 of the complaint.

15.    Defendant denies the allegations in paragraph 15 of the complaint.

## YACHT LOSS, CLAIM AND COVERAGE LITIGATION

16.    Defendant is without knowledge of the allegations in paragraph 16 of the complaint and demands strict proof of any such allegations.

17.    Defendant is without knowledge of the allegations in paragraph 17 of the complaint and demands strict proof of any such allegations.

18.    Defendant is without knowledge of the allegations in paragraph 18 of the complaint and demands strict proof of any such allegations.

19.      Defendant is without knowledge of the allegations in paragraph 19 of the complaint and demands strict proof of any such allegations.

20.      Defendant is without knowledge of the allegations in paragraph 20 of the complaint and demands strict proof of any such allegations.

21.      Defendant admits that Mac Flipper submitted a claim for the subject loss through Defendant, but denies any liability.  Defendant denies any additional allegations in paragraph 21 of the complaint.

22.       Defendant is without knowledge of the allegations in paragraph 22 of the complaint and demands strict proof of any such allegations.

23.      The referenced  policy speaks for itself as to its terms, conditions, representations and limitations.  Defendant otherwise denies the allegations in paragraph 23 of the complaint and demands strict proof of any such allegations.

24.      Defendant is without knowledge of the allegations in paragraph 24 of the complaint and demands strict proof of any such allegations.

25.      Defendant admits the allegations in paragraph 25 of the complaint, but denies any liability to Plaintiff.

26.      The referenced policy speaks for itself as to its terms, conditions, representations and limitations.  Defendant otherwise denies the allegations in paragraph 26 of the complaint, including all sub-paragraphs, and demands strict proof of any such allegations.

27.      Defendant admits the allegations in paragraph 27 of the complaint but denies any liability.

28.      Defendant is without knowledge of the allegations in paragraph 28 of the complaint and demands strict proof of any such allegations.

29.     Defendant is without knowledge of the allegations in paragraph 29 of the complaint and demands strict proof of any such allegations.

30.     The document referenced in paragraph 30 speaks for itself as to its terms, conditions, limitations and representations. Defendant otherwise denies any allegations set forth in paragraph 30.

31.     Defendant denies the allegations in paragraph 31 of the complaint.

32.     Defendant is without knowledge of the allegations in paragraph 32 of the complaint and demands strict proof of any such allegations.

33.     Defendant is without knowledge of the allegations in paragraph 33 of the complaint and demands strict proof of any such allegations.

34.     Defendant is without knowledge of the allegations in paragraph 34 of the complaint and demands strict proof of any such allegations.

35.     Defendant denies the allegations in paragraph 35 of the complaint.

36.     The referenced coverage lawsuit and pleadings speak for themselves as to their terms, conditions, limitations and representations.  Defendant otherwise is without knowledge of the allegations in paragraph 36 of the complaint and demands strict proof of any such allegations.

37.     The referenced coverage lawsuit and pleadings speak for themselves as to their terms, conditions, limitations and representations.  Defendant otherwise is without knowledge of the allegations in paragraph 37 of the complaint and demands strict proof of any such allegations.

38.     Defendant is without knowledge of the allegations in paragraph 38 of the complaint and demands strict proof of any such allegations.

39.     Defendant is without knowledge of the allegations in paragraph 39 of the complaint and demands strict proof of any such allegations.

40.     Defendant is without knowledge of the allegations in paragraph 40 of the complaint and demands strict proof of any such allegations.

41.     The referenced coverage lawsuit and pleadings speak for themselves as to their terms, conditions, limitations and representations.  Defendant otherwise is without knowledge of the allegations in paragraph 41 of the complaint and demands strict proof of any such allegations.

## FACTS SUBSTANTIATING M&M'S NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

42.     Defendant admits the allegations in paragraph 42 of the complaint.

43.     Defendant denies the allegation in paragraph 43 of the complaint, as phrased.

44.     Defendant admits the allegations in paragraph 44 of the complaint.

45.     Defendant denies the allegation in paragraph 45 of the complaint.

46.     The referenced policy speaks for itself as to its terms, conditions, limitations and representations.  Defendant otherwise is without knowledge of the allegations in paragraph 46 of the complaint and demands strict proof of any such allegations.

47.     Defendant admits the allegations in paragraph 47 of the complaint.

48.     The referenced survey speaks for itself as to its terms, conditions, limitations and representations.  Defendant otherwise is without knowledge of the allegations in paragraph 48 of the complaint and demands strict proof of any such allegations.

49.     The document referenced in paragraph 49 speaks for itself as to its terms, conditions, limitations and representations. Defendant otherwise denies any allegations set forth in paragraph 49.

50.     Defendant admits the allegation in paragraph 50 of the complaint.

51.     Defendant admits the allegations in paragraph 51 of the complaint.

52.     Defendant denies the allegations in paragraph 52 of the complaint.

5

53.     Defendant admits the allegations in paragraph 53 of the complaint.

54.     Defendant denies the allegations in paragraph 54 of the complaint.

55.     Defendant denies the allegations in paragraph 55 of the complaint.

56.     Defendant denies the allegations in paragraph 56 of the complaint.

57.     Defendant denies the allegations in paragraph 57 of the complaint.

58.     Defendant admits that Lucantha Marine assisted with the procurement of the subject policy and denies the remaining allegations in paragraph 58 of the complaint.

59.     Defendant is without knowledge of the allegations in paragraph 59 of the complaint and demands strict proof of any such allegations.

60.     Defendant admits the allegations in paragraph 60 of the complaint.

61.     Defendant denies the allegations in paragraph 61 of the complaint.

62.     Defendant denies the allegations in paragraph 62 of the complaint.

63.     The referenced invoice speaks for itself as to its terms, conditions, limitations and representations.  Defendant otherwise is without knowledge of the allegations in paragraph 63 of the complaint and demands strict proof of any such allegations.

64.     The referenced invoice speaks for itself as to its terms, conditions, limitations and representations.  Defendant otherwise is without knowledge of the allegations in paragraph 64 of the complaint and demands strict proof of any such allegations.

65.     Defendant admits the allegations in paragraph 65 of the complaint.

66.     Defendant admits the allegations in paragraph 66 of the complaint.

67.     Defendant denies the allegations in paragraph 67 of the complaint.

68.     Defendant denies the allegations in paragraph 68 of the complaint.

69.     Defendant denies the allegations in paragraph 69 of the complaint.

70.     Defendant admits the allegations in paragraph 70 of the complaint.

71.     Defendant denies the allegations in paragraph 71 of the complaint.

72.     Defendant denies the allegations in paragraph 72 of the complaint.

73.     Defendant denies the allegations in paragraph 73 of the complaint.

74.     Defendant denies the allegations in paragraph 74 of the complaint.

75.     Defendant denies the allegations in paragraph 75 of the complaint.

76.     Defendant denies the allegations in paragraph 76 of the complaint.

77.     Defendant denies the allegations in paragraph 77 of the complaint.

78.     Defendant denies the allegations in paragraph 78 of the complaint.

79.     Defendant denies the allegations in paragraph 79 of the complaint, including all sub-paragraphs.

80.     Defendant denies the allegations in paragraph 80 of the complaint.

81.     Defendant denies the allegations in paragraph 81 of the complaint.

82.     Defendant denies the allegations in paragraph 82 of the complaint.

## COUNT I NEGLIGENCE

83.     Defendant restates its responses to the allegations of Paragraphs 1-82 as though each were fully set forth here.

84.     Defendant denies that Plaintiff has stated a cause of action or is entitled to any of the relief sought by the complaint.

85.     Defendant denies the allegations in paragraph 85 of the complaint.

86.     The allegations in paragraph 86 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and further denies any liability to Plaintiff.

87.     The allegations in paragraph 87 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and further denies any liability to Plaintiff.

88.     Defendant denies the allegations in paragraph 88 of the complaint.

89.     Defendant denies the allegations in paragraph 89 of the complaint.

90.     Defendant denies the allegations in paragraph 90 of the complaint.

91.     Defendant denies the allegations in paragraph 91 of the complaint.

92.     Defendant denies the allegations in paragraph 92 of the complaint.

93.     Defendant denies the allegations in paragraph 93 of the complaint.

## COUNT II BREACH OF FIDUCIARY DUTY

94.     Defendant restates its responses to the allegations of Paragraphs 1-82 as though each were fully set forth here.

95.     Defendant denies that Plaintiff has stated a cause of action or is entitled to any of the relief sought by the complaint.

96.     Defendant denies the allegations in paragraph 96 of the complaint.

97.     The allegations in paragraph 97 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and further denies any liability to Plaintiff.

98.     The allegations in paragraph 98 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and further denies any liability to Plaintiff.

99.     The allegations in paragraph 99 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and further denies any liability to Plaintiff.

100.    Defendant denies the allegations in paragraph 100 of the complaint, including all sub-paragraphs.

101.    Defendant denies the allegations in paragraph 101 of the complaint, including all sub-paragraphs.

102.    Defendant denies the allegations in paragraph 102 of the complaint.

103.    Defendant denies the allegations in paragraph 103 of the complaint.

104.    Defendant denies the allegations in paragraph 104 of the complaint.

Defendant denies all allegations of the complaint not otherwise addressed in the preceding paragraphs.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff cannot establish that Defendant breached a duty that it owed to Plaintiff.

3.      Plaintiff cannot establish that Defendant's conduct was the proximate cause of Plaintiff's alleged damages claimed in the complaint.

4.      Plaintiff has failed to mitigate its damages, if any. Specifically, Plaintiff failed to properly defend the Coverage Action that the underwriters of the Concept Special Risks policy initiated seeking a declaration that there was no coverage for the July 7, 2023 loss, as follows, together or alternatively,

a.  Plaintiff erroneously agreed that New York law applied to interpretation and construction of the Subject Policy, rather than Federal Maritime Law, which presumptively applied pursuant to the terms of the Subject Policy;

b.  Plaintiff failed to properly plead and pursue full relief in the coverage action, by failing to affirmatively allege that the word "annually" in the Subject Policy's fire suppression warranty was susceptible to more than one interpretation and meaning, making that provision ambiguous as a matter of law, and therefore requiring application of the doctrine of *contra preferentum*, requiring a determination of coverage in favor of Mac Flipper LLC and against the insurer(s).

c.  Plaintiff failed to properly plead and pursue the defenses and affirmative defenses of estoppel and waiver. Had those affirmative defenses been raised and pursued, a determination in Plaintiff's favor would have resulted as the Subject Policy's underwriters knew about and had possession of the April 2022 hauled survey and issued the Subject Policy without advising Plaintiff something additional was required;

d.  Plaintiff failed to raise the long recognized insurance law concept and application of disproportionate forfeiture in response to the Counts for breach of warranty and *Uberrimae Fidei.* Had that affirmative defense been raised and pursued, a determination in Plaintiff's favor would have resulted as the alleged breach of the fire suppression warranty was not a material part of the agreed placement of insurance, and the coverage that Plaintiff paid

10

significant premium for would have been enforced for the total loss of the vessel;

e.   Plaintiff failed, upon information and belief, to take depositions or other discovery;

f.   Plaintiff failed to move the court for summary judgment.

Had it done one or more of the foregoing, Plaintiff would have prevailed in the Coverage Action or it would have achieved a more favorable settlement, with payment of insurance proceeds to Plaintiff. To the extent that Plaintiff failed to mitigate its alleged damages, its recovery must be denied or reduced proportionately.

5.      In connection with its request for the Subject Policy, Plaintiff sought to reduce the offered policy limit for hull coverage from $1,000,000 to $500,000, thus reflecting its assessment of the fair market value of the Flipper Two before the loss on July 7, 2023 grounding. Accordingly any damages awarded based the hull limit of the subject policy should be limited to $500,000.

6.      Any damages Plaintiff sustained were caused in whole or in part by its own actions, omissions, failures, assumption of the risks, or negligent or wrongful conduct, as Plaintiff knew or should have known before the policy incepted about the fire suppression warranty language and choice of law provisions that would be included in the policy. Accordingly, Plaintiff's damages must be denied or reduced in an amount proportionate to its own fault.

7.      Any damages Plaintiff sustained were caused in whole or in part by its own actions, omissions, failures, assumption of the risks, or negligent or wrongful conduct, as Plaintiff, through its member or representatives, failed to read the policy quote or the policy, before the subject loss after receiving them. Accordingly, Plaintiff's damages must be denied or reduced in an amount proportionate to its own fault.

11

8.      Any recovery on the part of Plaintiff should be eliminated in its entirety as a result of its own comparative negligence or fault.

9.      Any damages sustained by Plaintiff were solely caused by the negligence or fault of other persons, corporations, professional associations or entities other than Defendant, for whose conduct Defendant bears no responsibility and has no control, including but not limited to Lucantha Marine Insurance, LLC, as alleged in Defendant's Third Party Complaint against Lucantha, the factual allegations of which are incorporated here by reference. To the extent the carriers succeeded in voiding coverage for alleged breach of the fire suppression warranty clause of the Subject Policy, Lucantha's  acts or omissions were the efficient proximate cause of any such forfeiture of coverage and of Plaintiff's alleged damages, thus barring or reducing proportionately all claims for damages against Defendant.

10.     Defendant reserves the right to amend this affirmative defense prior to trial as such other culpable parties are identified.

11.     The damages Plaintiff incurred, if any, are the result of one or more intervening, superseding causes other than any negligence or fault on the part of Defendant.

12.     Defendant is entitled to a set-off of all sums of money received by judgment, settlement or otherwise by Plaintiff, for the damages allegedly sustained as a result of the incident described in Plaintiff's complaint.

13.     There is no basis for Plaintiff to be awarded attorney's fees and Plaintiff is not entitled to recover such fees from Defendant.

14.     Defendant intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its answer to assert any such defenses.

WHEREFORE, having answered and stated affirmative defenses to the complaint, Defendant Marsh & McLennan Agency LLC requests the Court to enter final judgment in its favor and to grant such other relief as may be just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF on October 30, 2025, which will send a notice of electronic filing to all parties of record on the Service List Below.

Respectfully submitted,

*/s/ Joshua D. Lerner*

Joshua D. Lerner
Florida Bar No.:  455067
jlerner@rumberger.com (primary)
docketingmiami@rumberger.com and
jlernersecy@rumberger.com (secondary)
Michael R. Holt
Florida Bar No.:  0483450
mholt@rumberger.com (primary)
docketingmiami@rumberger.com and
mholtsecy@rumberger.com (secondary)
Jessica Kerbel
Florida Bar No.:  124152
E-mail:  jkerbel@rumberger.com (primary)
docketingmiami@rumberger.com and
jkerbelsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

*Counsel for Defendant*

CASE NO.:  1:25-cv-21084-JEM

## <u>SERVICE LIST</u>

Andrew N. Mescolotto, Esquire
Fertig and Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 33316
<u>anm@fertig.com</u>

*Counsel for Plaintiff*

20477954.v1