**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MAC FLIPPER, LLC, a Florida
Limited Liability Company,

**Case No. 1:25-cv-21084-JEM**

    Plaintiff,

v.

MARSH & MCLENNAN AGENCY, LLC,
a Delaware Limited Liability Company,

    Defendant.

---

MARSH & MCLENNAN AGENCY, LLC,

a Delaware Limited Liability Company,

    Third-Party Plaintiff,

v.

LUCANTHA MARINE INSURANCE, LLC,

    Third-Party Defendant,

---

## LUCANTHA MARINE INSURANCE, LLC'S MOTION TO DISMISS THIRD-PARTY COMPLAINT

Lucantha Marine Insurance, LLC ("Lucantha") moves to dismiss Marsh & McLennan Agency, LLC's ("MMA") Third-Party Complaint [Doc. 39], pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim.

### Background

Mac Flipper, LLC ("Plaintiff" or "MAC") is the owner of a 2016 48' Tiara with twin Caterpillar 1015 HP diesel engines assigned United States Coast Guard

Official Number 1265820 (the "Vessel"). [Doc. 1 ¶¶ 3-4]. At all material times, MMA was the insurance broker who obtained, procured and advised on insurance for the Vessel and for Plaintiff. [Doc. 1 ¶ 9]. MMA admits it procured the insurance policy for the Vessel. [Doc. 39 ¶ 7]. MMA contacted Lucantha to locate an insurance policy for the Vessel after its prior policy was non-renewed. [Doc. 39 ¶ 9]. In other words, MMA, as the retail insurance broker, asked Lucantha, a surplus lines broker, to assist in finding a surplus lines policy for the Vessel. Lucantha did so, and provided the surplus insurance quote to MMA, the broker and agent for Plaintiff. MMA advised Plaintiff on the same. [Doc. 39 ¶ 12].

The subject surplus insurance policy included a fire suppression warranty requiring MAC to maintain the Vessel's fire extinguishing equipment. [Doc. 39 ¶ 14]. The policy also included a choice of law provision. [Doc. 39 ¶ 15]. MMA claims Lucantha failed to inform it of these policies, and such failure amounts to negligence. [Doc. 39 ¶¶ 18 and 23]. MMA claims that Lucantha was Plaintiff's agent and owed both Plaintiff and MMA a duty to inform them about the policy's terms. [Doc. 39 ¶ 30]. Ultimately, the Vessel ran aground and was determined a "total loss" on July 7, 2023. [Doc. 39 ¶ 31]. Plaintiff sought coverage under the subject surplus insurance policy but due to its non-compliance with the fire suppression warranty, the claim was denied (though ultimately settled). [Doc. 39 ¶ 34]. As such, Plaintiff initiated claims against MMA alleging that MMA failed to

communicate the policy's conditions to Plaintiff and MMA failed to procure the proper insurance coverage.  [Doc. 1].  In response, MMA has initiated a third-party complaint against Lucantha, as the insurance agent who assisted in finding MMA the surplus line policy.

In the Third-Party Complaint [Doc. 39], MMA attempts to state a single negligence claim against Lucantha.  It appears the basis of MMA's negligence claim is that MMA believes Lucantha should have "properly advise[d] or notif[ied] Plaintiff of the coverage terms," and its failure to do so is negligence. [Doc. 39 ¶ 45]. This is not a legally cognizable claim, and based on the below legal arguments, the Third-Party Complaint should be dismissed.

## Legal Argument

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Ambrosi Del. Medico v. Wells Fargo Bank N.A.,* 2022 U.S. Dist. LEXIS 75823, *6 (S.D. Fla. April 26, 2022) (Moore, J.) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002)).

**1.  MMA does not have standing to assert a claim on behalf of Mac Flipper.**

"Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a suit for lack of subject matter jurisdiction, and a court lacks subject matter jurisdiction when the plaintiffs lack standing to sue." *Movimiento Democracia, Inc. v. Chertoff*, 417 F. Supp. 2d 1350, 1352 (S.D. Fla. 2006).  To establish standing to sue, there must be an "injury in fact" meaning the injury must be "concrete" and "not speculative." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381, 144 S. Ct. 1540, 1556, 219 L. Ed. 2d 121 (2024).  In other words, "the action must be brought by the person entitled under the governing substantive law to enforce the asserted right."  *VCA Cenvet, Inc. v. Vill. Veterinary Centers, Inc*., No. 1:11-CV-3119-WSD, 2012 WL 3779101, at *5 (N.D. Ga. Aug. 31, 2012) (internal citations removed).  Specifically, with respect to a claim for negligence, "[a] negligence claim may only be brought by a person who has suffered an injury caused by another who owes a legal duty to the first person." *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 684 (N.D. Ga. 2003).

As an initial matter, MMA lacks standing for its negligence claim. MMA has not demonstrated that it suffered an injury caused by Lucantha, nor has it alleged any specific damages incurred as a result of Lucantha's actions. At most, MMA has raised claims on behalf of Plaintiff, with the only alleged damages being those that Plaintiff allegedly suffered. [Doc. 39 ¶ 50]. In the Third-Party Complaint, MMA

repeatedly states Lucantha was "Plaintiff's agent."  Assuming that it correct (which it is not) any alleged duty would be between Plaintiff and Lucantha, not MMA. Additionally, MMA claims that Lucantha "owed a duty of care to Plaintiff." [Doc. 39 ¶ 30].  MMA states that the Plaintiff incurred losses exceeding a million dollars as a result of Lucantha's negligence. [Doc. 39 ¶¶ 32, 49, and 50].  Notably, however, there are no non-conclusory allegations that MMA itself has been damaged by Lucantha's alleged negligence.

MMA's attempts to assert claims on behalf of Plaintiff are improper, and the allegations of negligence are therefore insufficient.  Simply put, MMA does not have standing to assert a negligence claim against Lucantha on behalf of Plaintiff or arising our of duties that Lucantha allegedly owed Plaintiff (rather than MMA). Therefore, MMA does not have standing to bring its negligence claim.

**2.  MMA fails to allege a cognizable legal duty against Lucantha.**

To state a claim for negligence, the plaintiff must allege: (1) a duty recognized by law; (2) breach of the duty; (3) proximate causation; and (4) damages. *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).  Duty "is a minimal threshold legal requirement for opening the courthouse doors[.]" *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992).  "Without a legal duty, a claim for negligence cannot survive a motion to dismiss." *Lee v. Harper*, 328 So. 3d 384, 387 (Fla. 1st DCA 2021).

Florida law "recognizes four sources of duty: (1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992).  Here, the Third-Party Complaint is completely devoid of any allegations indicating how Lucantha owes a duty to MMA.  At most, MMA states Lucantha was "Plaintiff's agent" and thus owed a "duty of care to Plaintiff, and to MMA." [Doc. 39 ¶ 30].  In doing so, MMA makes a giant leap that somehow any purported duty owed to Plaintiff is automatically owed to MMA.

There are no factual allegations to establish the basis of a legal duty between Lucantha and MMA.  Notably, there are no allegations of Lucantha creating a zone of risk, controlling the risk, or creating the risk, which at minimum would be required to charge Lucantha with some sort of legal duty under the negligence theory.  *See Saunders v. Baseball Factory, Inc.,* 361 So. 3d 365, 369 (Fla. 4th DCA 2023). Again, it appears that MMA is attempting to charge Lucantha with a duty arising from Lucantha's relationship with Plaintiff. [Doc. 39 ¶ 30].  The undersigned has been unable to locate any authority for the proposition that a surplus lines broker owes a retail broker a duty to inform the retail broker of the terms of a policy procured for an insured in an arms length transaction such as the one at issue in this lawsuit.  This is not a recognizable duty, and as established above, MMA does not

have standing to assert a negligence claim on behalf of Plaintiff.  As such, MMA fails to plead the adequate facts to impose Lucantha with a legal duty.  Thus, MMA's claim for negligence against Lucantha fails.

## Conclusion

Therefore, the Court should dismiss the Third-Party Complaint against Lucantha.  MMA has no standing for its negligence claim, and MMA fails to establish a legal duty, which is necessary for its negligence claim.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 9, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to parties of record.

By: */s/ John M. Miller*
John M. Miller (Lead Counsel)
Florida Bar No.  61488
Katherine E. Cook
Florida Bar No.  1018517

BOY AGNEW POTANOVIC MILLER, PLLC
***Counsel for Third-Party Defendant,***
***Lucantha Marine Insurance, LLC***
23 Barkley Circle
Fort Myers, Florida 33907
239.208.6500 (telephone)
239.208.6511 (facsimile)
Email:  johnm@bapfirm.com
Email:  kati@bapfirm.com
Secondary email: service@bapfirm.com