UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21084-CIV-BECERRA/SANCHEZ

MAC FLIPPER, LLC,
A Florida Limited Liability Company,

    Plaintiff,

v.

MARSH & MCLENNAN AGENCY LLC,
a Delaware Limited Liability Company,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL REGARDING REQUESTS 2 AND 3 OF DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

This matter is before the Court on Defendant's Motion to Overrule Plaintiff's Objections and Compel Responses to Requests for Production, ECF No. 32. After careful review of Defendant's motion, Plaintiff's response (ECF No. 34), the pertinent portions of the record, and the applicable law, and the Court otherwise being fully advised in the premises, the Court hereby **GRANTS** Defendant's Motion to Overrule Plaintiff's Objections and Compel Responses to Requests for Production, ECF No. 32.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In its complaint, Plaintiff seeks damages against Defendant—Plaintiff's broker for an insurance policy that covered Plaintiff's yacht—for negligence and breach of fiduciary duty. ECF No. 1. According to the complaint, Plaintiff suffered damages from the uninsured loss of its vessel due to Defendant's alleged failure to advise Plaintiff of a fire suppression system warranty in the insurance policy that, if breached, would void the policy from its inception. *See id.* Plaintiff further alleges that, after it filed a claim for the loss of the yacht and other costs, the underwriters

of the policy determined that the fire suppression warranty had been breached and filed a lawsuit against Plaintiff seeking a declaratory judgment that the policy was void.  *Id.* at ¶¶ 23-36.  But "[a]fter a period of investigation and discovery," Plaintiff determined it was likely to lose the suit, and Plaintiff thus reached a settlement with the underwriters to "mitigate its damages and avoid additional attorney's fees and costs."  *Id.* at ¶¶ 38-41.

On September 29, 2025, Defendant filed the instant motion, challenging Plaintiff's withholding of certain documents in response to Requests 2 and 3 of Defendant's First Request for Production, which sought documents and communications exchanged between Plaintiff and either the insurance policy's underwriters or their counsel in the underlying coverage lawsuit concerning the policy, the loss suffered by Plaintiff, or the underlying coverage lawsuit.  *See* ECF No. 32 at 1-2; ECF No. 32-1 at 7.  Plaintiff objected to producing such discovery to the extent that the requests for production sought "production of protected settlement negotiations under Florida Statute 90.408 . . . and the October 3, 2024 Settlement Agreement and Mutual Release of Claims, which contains contractual confidentiality requirements."  ECF No. 32-2 at 2-3.[1]  In its motion, Defendant contends disclosure of the requested discovery is not protected by either Florida Statute § 90.408 or the confidentiality provisions within the settlement agreement.  ECF No. 32 at 2-4.  Defendant further argues that the requested discovery is necessary both to evaluate a potential setoff, given the fact that Plaintiff seeks damages that include the policy limit, and to support Defendant's affirmative defense that Plaintiff "failed to mitigate its damages" and "was the proximate cause of its loss by settling its case."  ECF No. 32 at 3; *see also* ECF No. 38 at 9-12.  In its response, Plaintiff

---

[1] In its response to Requests 2 and 3, Plaintiff otherwise represented that, "[w]ith regard to non-privileged communications," it was producing the responsive documents to Defendant in electronic production folders.  ECF No. 32-2 at 2-3.

argues that the requested documents should not be compelled because they are not relevant. ECF No. 34 at 2-3.

## II.  ANALYSIS

### A.  *Plaintiff's Relevance Argument Is Waived.*

Plaintiff's response focuses almost exclusively on the issue of relevance—contending that whether the requested settlement agreement and correspondence are discoverable "turns on whether the content of the agreement and the communications are relevant to the claims or defenses in this lawsuit." *See* ECF No. 34 at 3. However, in its responses to Requests 2 and 3, Plaintiff never raised any relevance objections, instead relying on Florida Statute § 90.408 and the "contractual confidentiality requirements" in the settlement agreement to withhold the production of certain documents. *See* ECF No. 32-3 at 1-2. Because Plaintiff failed to timely object to Defendant's requests on relevance grounds, the relevance argument that Plaintiff has raised for the first time in its response to Defendant's motion to compel is deemed waived. *See* S.D. Fla. Local Rule 26.1(e)(2)(A) (providing that "[a]ny ground not stated in an objection [to an interrogatory or request for production] within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived"); *see also Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685-86 (S.D. Fla. 2012) (explaining that, "as a general rule, when a party fails to timely object to . . . production requests . . . the objections are deemed waived" and deeming untimely objections to requests for production waived (quoting *Pitts v. Francis,* 2008 WL 2229524, *2 (N.D. Fla. May 28, 2008))).

### B.  *The Settlement Agreement's Confidentiality Provisions Do Not Prevent Its Disclosure.*

Although Plaintiff initially objected to producing the settlement agreement because of the "contractual confidentiality requirements" within it, *see* ECF No. 32-2 at 2-3, in its response to

Defendant's motion to compel, Plaintiff has failed to present any argument that any contractual confidentiality provision precludes discovery of the withheld documents, *see* ECF No. 34. That objection is accordingly deemed abandoned. *See, e.g.*, *Callaway v. Papa John's USA, Inc.*, No. 09-61989-CIV-ZLOCH, 2010 WL 4024883, at *4 n.2 (S.D. Fla. Oct. 12, 2010) ("As [Plaintiff] abandoned this objection in responding to Defendant's second Motion to Compel, this Order does not consider it."); *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-20976-CIV, 2007 WL 4557158, at *3 (S.D. Fla. Dec. 21, 2007) ("Defendants initially raised . . . objections to [certain discovery requests], all of which were abandoned by their failure to raise them in their responses to Plaintiff's motion to compel."); *Commodity Futures Trading Comm'n v. Cromwell Fin. Servs., Inc.*, No. 06-80362-CIV, 2007 WL 9701837, at *6 (S.D. Fla. Apr. 5, 2007) ("A court 'generally deems objections initially raised but not relied upon in response to the motion [to compel] as abandoned.'" (quoting *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006)). Nonetheless, the confidentiality provisions in a settlement agreement do not shield it from discovery and prevent its disclosure. *See Kadiyala v. Pupke*, No. 17-80732-CIV, 2019 WL 3752654, at *2-4 (S.D. Fla. Aug. 8, 2019) ("[M]erely because settling parties label a settlement agreement as 'confidential' and agree to confidentiality terms amongst themselves, does not mean that a federal court cannot order such settlement agreement produced in discovery if it is relevant and proportional under Rule 26(b)(1).") (collecting and discussing cases); *see also Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *3 (S.D. Fla. May 22, 2007) (granting motion to compel production of settlement agreement and explaining that "[t]here is nothing magical about a settlement agreement," which is "just a contract between two parties," and that "Rule 26 has no exception for settlement agreements").

    **C.**    ***Florida Statute § 90.408 Does Not Render the Requested Discovery Non-Discoverable.***

In its response to Requests 2 and 3 of Defendant's First Request for Production, Plaintiff also objected to the production of settlement documents and communications pursuant to Florida Statute § 90.408.[2]  *See* ECF No. 32-3 at 2-3.  Yet, in its response to Defendant's motion to compel, Plaintiff failed to present any argument concerning § 90.408 and, indeed, did not even mention § 90.408.  *See* ECF No. 34.  Any objection or argument premised on Florida Statute § 90.408 is therefore deemed abandoned.  *See, e.g.*, *Callaway*, 2010 WL 4024883, at *4 n.2; *Platypus Wear, Inc.*, 2007 WL 4557158, at *3; *Commodity Futures Trading Comm'n*, 2007 WL 9701837, at *6.  Nonetheless, § 90.408 does not render the withheld documents concerning settlement non-discoverable.  *See Cruise Compete, LLC v. Smolinski & Assocs., Inc.*, No. 12-80796-MC, 2013 WL 12131320, at *4 (S.D. Fla. Jan. 8, 2013) (explaining that while § 90.408 may make a settlement offer inadmissible to prove liability, the law "does not render the [settlement] offer 'non-discoverable'"); *cf. Jeld-Wen*, 2007 WL 1526649, at *3 (explaining that Federal Rule of Evidence 408 did not preclude discovery of a settlement agreement as the rule governs admissibility, not discoverability, of settlement agreements).  Moreover, Defendant does not seek the requested discovery concerning settlement "to prove liability or absence of liability for the claim or its value," *see* Fla. Stat. § 90.408, but rather, to support both Defendant's claimed entitlement to a setoff and its affirmative defense that Plaintiff failed to mitigate its damages.  *See* ECF No. 32 at

---

[2] Section 90.408 provides:

> Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, *is inadmissible to prove liability or absence of liability for the claim or its value*.

Fla. Stat. § 90.408 (emphasis added).

3; *see also* ECF No. 38 at 9-12 (affirmative defenses).  Thus, by its own terms, § 90.408 would not foreclose admissibility of the withheld documents for the purposes for which Defendant seeks them, much less foreclose their discoverability.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Overrule Plaintiff's Objections and Compel Responses to Requests for Production (ECF No. 32) is **GRANTED.** Plaintiff shall produce the documents that were withheld in response to Requests 2 and 3 of Defendant's First Request for Production **by no later than January 5, 2026**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 19th day of December 2025.

                                                                              _____
                                                                              EDUARDO I. SANCHEZ
                                                                              UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Jacqueline Becerra
          Counsel of Record