UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAC FLIPPER, LLC, a Florida Limited Liability Company,

Case No. 1:25-cv-21084-JB

Plaintiff,

v.

MARSH & MCLENNAN AGENCY, LLC, a Delaware Limited Liability Company,

Defendant.

______________________________________/

**MOTION FOR PROTECTIVE ORDER TO PREVENT THE DEPOSITION OF MIGUEL COSTA ON AUGUST 25, 2026 OR IN THE ALTERNATIVE TO LIMIT THE LENGTH AND SCOPE OF THE DEPOSITION**

Pursuant to Fed. R. Civ. P. 26(c) and S.D. Fla. Local Rule 26.1, Plaintiff respectfully moves this Court for a Protective Order prohibiting the taking of the Noticed deposition or in the alternative limiting the scope and duration of the deposition of Miguel Costa, and in support states:

## I. INTRODUCTION AND BACKGROUND

The Plaintiff, MAC FLIPPER, LLC is a single asset holding company formed only to hold legal title to FLIPPER TWO. Mr. Costa is the sole Member and sole Manager of this LLC. Mr. Costa is the sole beneficial owner of the FLIPPER TWO. He was also the operator of the FLIPPER TWO at the time of the subject grounding loss that forms part of the basis of this case.

Over objection, on August 11, 2026, Defendant served a Notice of Deposition for Miguel Costa ("Mr. Costa") to take place on Friday, August 28, 2026 at 10:00 A.M. at Rumberger Kirk & Caldwell, 80 SW 8th Street, Suite 3000 Miami, FL 33130. The Notice of Deposition is attached hereto as Exhibit "A". This deposition constitutes an impermissible attempt to harass,

annoy, and oppress Mr. Costa, and imposes an undue burden and expense on the Plaintiff (and Mr. Costa).

**I. THE FIRST DEPOSITION OF MR. COSTA**

Specifically, this is a repetitive and redundant effort, given that the witness, a man in his 80s, was already deposed on April 22, 2026, from 10:08 AM to 6:22 PM, inclusive of breaks, as a 30(b)(6) witness for the Plaintiff. This was a total deposition time of 8 hours and 14 minutes, with 7 hours and 3 minutes of live questioning after the deduction of break times. This questioning exceeded the 1 day of 7 hours contemplated by Rule 30(d)(1). In that deposition, Marsh marked and reviewed 40 exhibits that total 547 pages of printed text.[1] The deposition transcript is 224 pages long and has been attached hereto as Exhibit "B". During that deposition, Mr. Costa was and asked extensive questions regarding his personal boat ownership history, his experience with marine and other types of insurance, all relevant communications with Marsh concerning the subject policy of insurance and of course questions concerning the grounding loss that befell motor yacht FLIPPER TWO ("FLIPPER TWO"). The 30(b)(6) Notice from that deposition is attached as Exhibit "C". As is apparent, the areas of knowledge cover every issue in this case and Mr. Costa was certainly questioned in exhausting detail on all of those issues by Marsh. There is no legitimate reason to subject the deponent, a man of advanced age who has already been questioned extensively as a witness, to a second deposition on the same or similar issues. This is especially true where MAC FLIPPER, LLC is a single asset holding company of which Mr. Costa is the only member, the only manager and its beneficial owner. Marsh's counsel could presumably re-ask all the same questions to Mr. Costa in an attempt to confuse him and push him to change his prior testimony on behalf the LLC. This is pure harassment and the Plaintiffs looks to the Court for protection.

[1] The exhibits file is 247 megabytes precluding its upload through CM/ECF.

**II. LEGAL ARGUMENT**

Discovery is a matter that is within the discretion of the district court. *See Lee v. Etowah Cnty. Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir. 1992). Under the rules, discovery is highly favored "whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, 2007 U.S. Dist. LEXIS 80552, *4 (M.D. Fla. 2007) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Rule 26(b)(2) also provides, that

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;

Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). Moreover,

> "A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The protective order may specify the terms for particular discovery or forbid it entirely. *Id.* "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

*Goines v. Lee Mem'l Health Sys*., 2018 U.S. Dist. LEXIS 136164, *10-11 (M.D. Fla. 2018).

In the *A.I.A. Holdings, S.A.* case, the Court noted when considering similar issues that "However, common sense teaches that in the case of relatively small, closely-held entities, like

Intaj, there may be no difference between the knowledge of the entity and the knowledge of its principals. *A.I.A. Holdings, S.A. v. Lehman Bros.,* 97 Civ. 4978 (LMM)(HBP), 2002 U.S. Dist. LEXIS 9218, at *17 (S.D.N.Y. May 20, 2002). In this case, where the testimony demonstrates that Mr. Costa is the only member, manager and beneficial owner of the LLC, there would be no difference between his testimony on behalf of the LLC, previously given and his individual deposition under Rule 30(a). Any questions that Marsh reserved for an individual deposition of Mr. Costa certainly could have been covered during the extensive and time consuming 30(b)(6) deposition. The only reason to hold back questions is the tactic of getting another bite at the apple to harass and annoy Mr. Costa, to penalize him both personally and financially for bringing this action.

Pursuant to Fed. R. Civ. P. 26(c)(1), the Court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. A deposition that is unreasonably cumulative, repetitive, or designed purely to inflict annoyance and mounting costs exceeds the outer bounds of permissible discovery. Here, the requested examination causes an undue burden because the topics were thoroughly covered in Mr. Costa's prior deposition.

**III. CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. Local Rule 7.1.A.3, the undersigned certifies that he has conferred with opposing counsel via phone on August 10, 2026 in a good-faith effort to resolve this dispute without court action, but have been unable to reach an agreement. Defendant Marsh believes it is entitled to take a full and complete deposition on all issues from Mr. Costa.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter a Protective Order preventing the second deposition of Mr. Costa entirely or in the alternative limiting the deposition to a maximum of one hour and specifically ordering the Defendant not to re-ask questions that were previously posed to Mr. Costa as the 30(b)(6) Representative of the Plaintiff, as well as for all further relief this Court deems just and proper.

Respectfully Submitted,

/s/ Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH: (954) 763-5020
FX: (954) 763-5412
anm@fertig.com
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY a true and correct copy of the forgoing document was served via CM/ECF on August 19, 2026, on all counsel or parties of record on the attached service list.

/s/ Andrew N. Mescolotto
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
anm@fertig.com

**SERVICE LIST**

| | |
|---|---|
| FERTIG & GRAMLING<br>Andrew N. Mescolotto 28141<br>anm@fertig.com<br>200 SE 13th Street<br>Fort Lauderdale, FL 33316<br>PH: (954) 763-5020<br>FX: (954) 763-5412<br>Attorneys for Plaintiff<br>*VIA CM/ECF* | JOSHUA D. LERNER<br>Florida Bar No.: 455067<br>jlerner@rumberger.com (primary)<br>docketingmiami@rumberger.com and<br>jlernersecy@rumberger.com (secondary)<br>MICHAEL R. HOLT<br>Florida Bar No.: 0483450<br>mholt@rumberger.com (primary)<br>docketingmiami@rumberger.com and<br>mholtsecy@rumberger.com (secondary)<br>JESSICA KERBEL<br>Florida Bar No.: 124152<br>E-mail: jkerbel@rumberger.com (primary)<br>docketingmiami@rumberger.com and<br>jkerbelsecy@rumberger.com (secondary)<br>RUMBERGER, KIRK & CALDWELL<br>Brickell Bayview Centre, Suite 3000<br>80 S.W. 8th Street (33130-3037)<br>Post Office Box 01-9041<br>Miami, Florida 33101<br>Telephone: (305) 358-5577<br>Telecopier: (305) 371-7580<br>*Counsel for Defendant*<br>*VIA CM/ECF* |